UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 08-CV-13-KKC

MARK DOMONIC CARRIE                                                              PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

HECTOR A. RIOS, JR., ET AL.                                                      DEFENDANTS

\*\*\*   \*\*\*   \*\*\*

Mark Domonic Carrie ("Carrie"), an individual confined in the United States Penitentiary - Big Sandy in Inez, Kentucky ("U.S.P. - Big Sandy"), has filed a complaint asserting a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), and a civil rights claim under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Carrie is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (I) is frivolous or malicious, or (ii) fails to state

a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2).

I.      **FACTUAL BACKGROUND**

On November 2, 2006, Carrie was transferred out of U.S.P. - Big Sandy on a writ of habeas corpus *ad prosequendum*. Ordinarily, a BOP corrections officer will take an inventory of an inmate's property at the time of departure, and the inmate is asked to review the inventory and verify its accuracy on a form.  In this case, defendant VanHouse inventoried Carrie's property outside of his presence two weeks after his departure.

On July 18, 2007, Carrie was transferred back to U.S.P. - Big Sandy.  At that time, he became aware that the BOP had lost most of his property, valued at $782.45.  Defendant Lockwood acknowledged that the property had been lost or misplaced, and suggested Carrie could file a tort claim.  On August 4, 2007, Carrie filed his request for administrative settlement under the FTCA with the BOP, seeking the $782.45 value of the lost property. On December 3, 2007, the BOP denied the request in a letter authored by defendant Fuseyamore.

Carrie filed the present action on January 17, 2008, seeking recovery of the value of the lost property, its replacement cost, and the filing fee for this action.  Carrie named as defendants Warden Hector A. Rios, Jr.; BOP Corrections Officer L. VanHouse; BOP Corrections Officer S. Lockwood; BOP Regional Counsel Michelle T. Fuseyamore; and BOP Director Harley G. Lappin. In his Complaint, Carrie asserts that he followed the prison's

grievance procedure by filing a request for administrative settlement under the FTCA.

**II.     DISCUSSION**

    A.    *Bivens* claim

Carrie's *Bivens* claim fails on both procedural and substantive grounds.

Procedurally, federal law requires a prisoner challenging prison conditions pursuant to 42 U.S.C. § 1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). The BOP's grievance process is set forth at 28 C.F.R. §§ 542.10-.19. That process requires an inmate to file a formal grievance with the warden using Form BP-229 (formerly Form BP-9) within 20 days of the events complained of. 28 C.F.R. § 542.14(a). Here, Carrie states in his Complaint that the only process he used was filing a request for administrative settlement under the FTCA. Hence, he did not invoke, let alone complete, the BOP's inmate grievance process. That failure alone would require dismissal of his Bivens claims without prejudice. *Colon v. Harvey*, 344 F. Supp. 2d 896, 898 (W.D.N.Y. 2004). But more importantly, Carrie failed to file a Form BP-229 within 20 days after he became aware his property was lost on July 18, 2007 as required by 28 C.F.R. § 542.14(a). In order to satisfy the requirement that administrative remedies be exhausted prior to filing suit, those remedies must be exhausted properly and within the time frames required by the remedy process, and the failure to do

3

so conclusively bars those claims. *Woodford v. Ngo*, 548 U.S. 81, 97 (2006). Because Carrie did not then and cannot now meet the deadlines for filing a prison grievance under 27 C.F.R. § 542.14(a), his *Bivens* claims are forever barred.

Even if Carrie's claims under *Bivens* were properly exhausted, they would fail on the merits. In order to recover against a given defendant in a *Bivens* action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 Fed.Appx. 85, 86, 2003 WL 22905316, *1 (6th Cir. 2003) (unpublished disposition) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). The requirement of personal involvement does not mean that the particular defendant actually committed the conduct complained of, but it does require a supervisory official to have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 874 (6th Cir. 1982). The mere fact of supervisory capacity is not enough: *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). With respect to warden Rios; BOP counsel Fuseyamore, BOP Director Lappin, Carrie does not allege, nor would the record support an allegation, that any of these individuals was personally involved in the loss of his property. The *Bivens* claims against these individuals must therefore be dismissed for failure to state a claim.

The Complaint does indicate that defendants VanHouse and Lockwood were

responsible for correctly taking an inventory of Carrie's property and maintaining it in safekeeping, and hence these individuals were personally involved in the conduct giving rise to Carrie's claim. However, the mere negligent loss, as opposed to intentional destruction, of personal property does not state a Due Process claim. *Parratt v. Taylor*, 451 U.S. 527, 543-45 (1981); *Carlton v. Jondreau*, 76 Fed.Appx. 642 (6th Cir. 2003). Simply put, the loss of personal property, while unfortunate, does not rise to the level of a violation of our federal Constitution.

    B.    <u>FTCA claim</u>

Because a claim under the FTCA may only be asserted against the United States itself, 28 U.S.C. § 2674; *Federal Deposit Ins. Corp. v. Blackburn*, 109 F.R.D. 66, 68 (E.D. Tenn. 1985), the FTCA claims against the individually-named defendants must fail as a matter of law, and will be dismissed. *Atorie Air, Inc. v. F.A.A. of U.S. Dept. of Transp.*, 942 F.2d 954, 957 (5th Cir. 1991). The Clerk of the Court will be directed to add the United States as the proper FTCA defendant in this action.

The FTCA constitutes a limited waiver of the sovereign immunity enjoyed by the United States. The operative jurisdictional provision is set forth in Title 28:

> ... the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with

the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). This provision operates to permit an action against the United States for negligent or intentional acts committed by its employees during the course of their employment, *Fitch v. United States*, 513 F.2d 1013 (6th Cir. 1975), so long as the administrative procedures outlined in its provisions are satisfied. Here, Carrie exhausted his administrative remedies by timely filing a request for administrative settlement and filing suit within six months after its denial. 28 U.S.C. § 2675; 28 U.S.C. § 2401.

While most claims of negligence may be asserted under the FTCA, there are exceptions. Relevant to this case is the exception for "[a]ny claims arising in respect of the assessment or collection of any tax or customs duty, or the detention of any ... property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). While the phrase plainly applies to the activities of customs officers, the Supreme Court has recently held that the words "[a]ny claims arising in respect of ... the detention of any ... property by ... any other law enforcement officer" applies to a claim for lost property by a federal inmate. In *Ali v. Federal Bureau of Prisons*, 2008 WL 169359 (U.S., January 22, 2008), the Supreme Court held that this language barred a federal prisoner's FTCA claim arising out of the loss of certain personal property during his transfer from a federal prison in Georgia to U.S.P. - Big Sandy in Kentucky. In doing so, the Supreme Court noted that the word "detention" should be broadly interpreted. *Ali*, 2008 WL 169359 at \*3 (*citing Kosak*

*v. United States*, 465 U.S. 848, 854-59 (1984)). The Supreme Court's holding overruled established Sixth Circuit precedent which held that Section 2680 only applied to law enforcement officers performing customs or excise functions. *Ali*, 2008 WL 169359 at *3 n.1 (*citing Kurinsky v. United States*, 33 F.3d 594, 98 (6th Cir. 1994)). Because Carrie's claim is one "in respect of ... the detention of any ... property by ... any other law enforcement officer" under *Ali*, it falls within the scope of Section 2680(c)'s exemption, and is therefore not cognizable under the FTCA. His claim must therefore be dismissed with prejudice.

In *Ali*, the Supreme Court did note that the absence of a remedy under the FTCA for lost property claims by federal prisoners does not leave them without any avenue of recourse: the BOP has the authority under 31 U.S.C. § 3723(a)(1) to settle "claims[s] for not more than $1,000 for damage to, or loss of, privately owned property that ... is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment." *Ali* at n.7.

## III. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1. The Clerk of the Court is directed to add the United States of America as a defendant in this action.

2. Plaintiff's Complaint [Record No. 2] is **DISMISSED WITH PREJUDICE.**

3. The Court certifies that any appeal would not be taken in good faith. 28

7

U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

    4.    Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

Dated this 4th day of February, 2008.

**Signed By:**
*Karen K. Caldwell* KKC
**United States District Judge**